IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL MERRILL, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-191 |
| v. | |
| MERRICK B. GARLAND, Attorney General, U.S. Department of Justice, FEDERAL BUREAU OF PRISONS, | |
| Defendants. | |

## **O R D E R**

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 9.) For the below reasons, the Court **GRANTS** Defendant's Motion **IN PART**. The Court **TRANSFERS** this case to the District of South Carolina.

Plaintiff Daniel Merrill brings claims of discrimination under Title VII of the Civil Rights Act of 1974 ("Title VII"), 42 U.S.C. § 2000d et seq. (Doc. 1.) Plaintiff's claims center on his employment for the Federal Bureau of Prisons within the Federal Correctional Institution in Estill, South Carolina. (Id.) Although Plaintiff resides in the Southern District of Georgia, where this suit is brought, Title VII does not provide for venue in his place of residence. Rather, Title VII may only be brought only in the following places:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3).

Plaintiff's Complaint makes no mention of any unlawful practices occurring in this District, any records being maintained in this District, or any positions he would have held in this District.  (See, doc. 1.)  After Defendant raised this defect in venue through its Motion to Dismiss, Plaintiff raised new allegations, including an assault he claims occurred in this District. (Doc. 12, p. 2.)  Plaintiff also provided a list of employment positions he claims that he could have received, including some in this District.  (Id. at p. 3.)  These allegations largely appear to be unrelated to the claims asserted in his Complaint, and Plaintiff fails to state them with plausibility.  In any event, "plaintiffs cannot amend their complaint through a response to a motion to dismiss."  Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)).  Additionally, while Defendant has since filed a Motion to Amend his Complaint, (doc. 15), the events in that proposed amendment appear to have occurred in the District of South Carolina.

Venue over Plaintiff's claims does not lie in this District, and he concedes that venue would be proper in the District of South Carolina.  (Doc. 12, p. 1.)  Considering Defendant's pro se status, the filing fee he has already paid, and the timing requirements inherent in a Title VII action, the interest of justice warrants transferring rather than dismissing this action.  Thus, the Court **TRANSFERS** this case to the District of South Carolina pursuant to 28 U.S.C. § 1406(a).

The Clerk of Court is **DIRECTED** to **CLOSE** this case and to take all actions necessary to carry out the transfer. The Court will defer to the transferee Court on Plaintiff's Motion to Amend, (doc. 15), and the Motion will be terminated on this Court's docket.

    **SO ORDERED**, this 31st day of January, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA